PER CURIAM.
**343 The plaintiff, Suntech of Connecticut, Inc., a Connecticut corporation that fabricates and installs glass and curtain walls, brought an action against the named defendant Lawrence Brunoli, Inc., a general contractor, and the defendant Safeco Insurance Company of America, a bonding company, alleging, inter alia, breach of its subcontract to provide labor and materials in connection with the construction of a technology center at Naugatuck Valley Community College, which is owned by the state. See Suntech of Connecticut, Inc. v. Lawrence Brunoli, Inc. , 173 Conn. App. 321, 324-25, 164 A.3d 36 (2017). The plaintiff now appeals, upon our grant of its petition for certification,[1] from the judgment of the Appellate Court affirming the judgment of the trial court, rendered after a trial to the court, in favor of the defendants. Id., at 324, 164 A.3d 36. On appeal, the plaintiff claims that the Appellate Court improperly concluded that the trial court had not committed harmful error when it (1) precluded the plaintiff's fact witness, **344 Rick Cianfaglione, an independent consultant who had been hired by the state to evaluate the scheduling and duration of the construction project, from testifying as to his observations and perceptions about the project site, and (2) refused to permit the plaintiff's counsel to make an offer of proof, including by disregarding relevant portions of Cianfaglione's deposition transcript. *1209 After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.
The appeal is dismissed.

We granted the plaintiff's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly conclude that the plaintiff failed to prove that the trial court committed harmful error when it precluded the plaintiff's fact witness, Rick Cianfaglione, from testifying as to his observations and perceptions, not permitting the plaintiff's counsel to make an offer of proof, and disregarding Cianfaglione's deposition transcript?" Suntech of Connecticut, Inc. v. Lawrence Brunoli, Inc. , 326 Conn. 923, 169 A.3d 234 (2017).